
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK B. MILLER,

                        Plaintiff,

          v.                                    6:10-CV-0014 (DNH/GHL)

DARYL BAZAN, *NYS Trooper Inv.*,
SAMUEL THOMPSON, *NYS Trooper,*
LOUISE K. SIRA, *Fulton County District Attorney*,
CITY OF JOHNSTOWN,
PATRICIA ESCHLER, *Chief Clerk Fulton County Supreme Court*, and
KRIS SINGH, *Fulton County Supreme Court Law Clerk*,

                        Defendants.

APPEARANCES

MARK B. MILLER, 09-A-4876
Plaintiff, *pro se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

      The Clerk has sent to the Court a *pro se* civil rights amended complaint submitted by Mark B. Miller ("Plaintiff").[1] Dkt. No. 5. Plaintiff paid the filing fee required to maintain this action, but later submitted an application to proceed *in forma pauperis*. Dkt. No. 6. Based on the following, I recommend, *inter alia*, that the amended complaint be dismissed for failure to state a claim on which relief may be granted.

**I.    The Amended Complaint**

---

[1] Plaintiff amended his original complaint as a matter of course. Dkt. No. 5; *see* Fed. R. Civ. P. 15(a) (a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier).

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, the court has a responsibility to determine whether a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.  *See id.*  The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

Plaintiff alleges that on November 18, 2008, Defendants Daryl Bazan (New York State Police Investigator), Louise K. Sira (Fulton County District Attorney), and Patricia M. Eschler (Fulton County Supreme Court Chief Clerk) conspired to issue a search warrant based upon false statements made by Defendant Samuel M. Thompson (New York State Trooper) and another individual. Dkt. No. 5 at ¶ 14. He states that Defendant Eschler "induced the issuance" of the search warrant, which led to a search of Plaintiff's residence and seizure of possessions. *Id.* at ¶ 8.  He further claims that the Defendant Kris Singh (Fulton County Supreme Court Law Clerk) conspired with Defendant Eschler to "cover said . . . acts." *Id.* at ¶ 10.  Plaintiff seeks monetary relief.

The Second Circuit has repeatedly held that conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief under section 1983. *See Brown v. City of Oneonta*, 106 F.3d 1125, 1133 (2d Cir. 1997) (citation omitted).  "It is incumbent on a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a

conspiracy to deprive him of his constitutional rights." *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). In a situation where a plaintiff has set forth a claim of conspiracy, "a higher burden is imposed and requires that the plaintiffs file a detailed factual pleading." *Rigby v. Coughlin*, 730 F. Supp. 1196, 1199 (N.D.N.Y. 1990) (McAcvoy, J.).  In other words, a plaintiff must set forth more than mere allegations when stating a claim involving conspiracy.

Plaintiff has set forth nothing more than conclusory allegations of conspiracy.  He offers no factual support for the allegations.  For instance, Plaintiff fails to suggest what false information was contained in the search warrant, and how and when the alleged conspiracy was "covered up." Therefore, the amended complaint fails to state a claim on which relief may be granted and should be dismissed.

However, in light of the special solicitude afforded to *pro se* litigants in the Second Circuit, I recommend that Plaintiff may file a second amended complaint **within thirty (30) days of the filing date of any Order adopting this Report and Recommendation** should he wish to avoid dismissal of the action. Any second amended complaint, which shall supersede and replace in its entirety Plaintiff's amended complaint (Docket No. 5), must contain a short and plain statement of the claim showing that he is entitled to relief with all averments of claim set forth in numbered paragraphs.  *See* Fed. R. Civ. P. 8(a)(2) & Fed. R. Civ. P. 10(b).  The second amended complaint must also allege claims of misconduct or wrongdoing against defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.

II.   **Application to proceed *in forma pauperis***

Plaintiff submitted an application to proceed *in forma pauperis*.  Dkt. No. 6.  The application is not certified by the appropriate official at the institution of incarceration, as required.  Dkt. No. 6 at 2.

Therefore, the application is denied.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the amended complaint (Dkt. No. 5) be dismissed for failure to state a claim on which relief be granted; and it is further

**RECOMMENDED**, that Plaintiff may file a second amended complaint **within thirty (30) days** of the filing date of any Order adopting this Report-Recommendation and Order; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file a second amended complaint, the Clerk shall enter judgment dismissing this case without prejudice without further Order of the Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report-Recommendation and Order; and it is further

**RECOMMENDED**, that upon the filing of a second amended complaint, the file be returned to the Court for further review; and it is further

**ORDERED**, that the *in forma pauperis* application (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 5, 2010
Syracuse, New York

George H. Lowe
United States Magistrate Judge

-4-